# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MALIK MOHAMMAD AL DUR,　　　　　Case No. 1:21-cv-330
　　　　Petitioner,

　　　　　　　　　　　　　　　　　　　Cole, J.

　　　v.　　　　　　　　　　　　　　　Bowman , M.J.

WARDEN OF BUTLER　　　　　　　　**REPORT AND**
COUNTY JAIL, et. al.,　　　　　　　　　**RECOMMENDATION**
　　　　Respondents.


Petitioner, an Immigration and Customs Enforcement (ICE) detainee previously located at the Butler County, Ohio Jail,[1] filed a motion for leave to proceed without prepayment of fees in connection with a petition for a writ of habeas corpus in this Court.  (Doc. 1).  On May 18, 2021, the undersigned issued a Deficiency Order.  (Doc. 2).  Petitioner was ordered, within thirty (30) days, to pay the full filing fee of $5.00 or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including the "Certificate" page (page 8 of the application and affidavit to proceed without prepayment of fees that is used in this Court, completed and signed by the institutional cashier) showing the balance of his prisoner account.  Petitioner was advised that "failure to comply with this Order will result in the dismissal of this action for want of prosecution."  (*Id.* at PageID 6).

To date, more than thirty days after the May 18, 2021 Order, petitioner has failed to comply with the Order of the Court.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] In response to the petition, respondent filed a return of writ indicating that petitioner "was released from the Butler County Jail on April 20, 2021 to the custody of ICE."  (Doc. 4 at PageID 9.  *See also* Doc. 5, 6).  Petitioner has not provided the Court with an updated address and a search on the ICE Online Detainee Locator System returned zero results.  *Viewed* at https://locator.ice.gov/odls/#/index.

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's May 18, 2021 Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

**IT IS SO RECOMMENDED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MALIK MOHAMMAD AL DUR,                    Case No. 1:21-cv-330
     Petitioner,

                                         Cole, J.

     v.                                      Bowman , M.J.

WARDEN OF BUTLER
COUNTY JAIL, et. al.,
     Respondents.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).