UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MALIK MOHAMMAD AL DUR,**

    **Petitioner,**

v.

**WARDEN OF BUTLER COUNTY JAIL, et al.,**

    **Respondents.**

Case No. 1:21-cv-330
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's June 25, 2021, Report and Recommendation ("R&R") (Doc. 7), which recommended dismissing this action without prejudice based on Petitioner Malik Mohammad Al Dur's ("Al Dur") failure to either pay a filing fee or make the required filing to seek leave to proceed with this action without paying that fee. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 7) and accordingly **DISMISSES** this action **WITHOUT PREJUDICE** for want of prosecution.

To start, the R&R advised Al Dur that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #19). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the

parties here needed to object by July 9, 2021. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. of Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). The Magistrate Judge's May 18, 2021, Deficiency Order (Doc. 2) had advised Al Dur to either pay the nominal filing fee or submit a completed Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees within thirty days. Al Dur failed to complete either requirement, and still has not done so. Accordingly, the Magistrate Judge recommends dismissal of Al Dur's case. (R&R, Doc. 7, #18). The Court perceives no error, let alone a clear error, in the Magistrate Judge's R&R (Doc. 7). Parties must pay their filing fee, or be properly relieved of that obligation, before proceeding with an action. Al Dur has not done so. Separately, the Court notes that Al Dur appears no longer to be in the custody of the Butler County Jail, which could mean that some

or all of the claims Al Dur would otherwise have brought in this habeas action are now moot. (*See* Return of Writ, Doc. 4, #9).

Whether the latter is true or not, the filing fee issue is dispositive, and the Court thus **ADOPTS** the Report and Recommendation (Doc. 7) and **DISMISSES** this action **WITHOUT PREJUDICE** for want of prosecution. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

January 5, 2022
**DATE**

    **DOUGLAS R. COLE**
    **UNITED STATES DISTRICT JUDGE**